UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| DEAN A. DITMAR and | : | CASE NO. 21 - 20935 – JRS |
| KELLY E. DITMAR, | : | |
| | : | |
| DEBTORS. | : | |

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTORS' ELECTION TO PROCEED AS A SUBCHAPTER V DEBTOR**

Mary Ida Townson, United States Trustee for Region 21, by and through the undersigned counsel, and pursuant to 28 U.S.C. § 586, objects to the election of Dean A. Ditmar and Kelly E. Ditmar ("Debtors") to proceed as subchapter V debtors. In support of this objection, the United States Trustee shows the Court as follows:

**I.     COURSE OF PROCEEDINGS AND STATEMENT OF FACTS**

1. On August 31, 2021, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code, Title 11 U.S.C. § 101 et seq. (the "Petition") (Doc No. 1).

2. In response to item 13 on the Petition, Debtors stated that they elect to proceed under Subchapter V of Chapter 11 and are debtors as defined in 11 U.S.C. § 1182(1).

3. The United States Trustee appointed Tamara Miles Ogier to be the subchapter V trustee.

4. On September 27, 2021, Debtors filed their schedules of assets and liabilities and their statement of financial affairs (the "Schedules") (Doc. No. 27).

5. On September 29, 2021, the United States Trustee commenced and concluded the section 341(a) meeting of creditors (the "341 Meeting").

6.      Debtors owned and controlled several companies that operated Atlanta Bread Company restaurants: DK Enterprises of Cumming, LLC; DK Enterprises of Dunwoody, LLC; DK Enterprises of GA, Inc.; and DK Enterprises of Roswell, LLC (the "DK Enterprise Entities").

7.      On July 19, 2019, the DK Enterprise Entities each filed bankruptcy cases: DK Enterprises of Cumming, LLC and DK Enterprises of Dunwoody, LLC filed chapter 7 cases (19-21385-jrs and 19-21386-jrs) and DK Enterprises of GA, Inc. and DK Enterprises of Roswell, LLC filed chapter 11 cases (19-21389-jrs and 19-21391-jrs), all in the Northern District of Georgia. The chapter 11 cases were dismissed and all of the cases are closed. The DK Enterprise Entities ceased operating the restaurants during 2020.

8.      On September 29, 2021, Debtors appeared and gave sworn testimony at the 341 Meeting.  During the 341 Meeting, Debtors asserted that the majority of the debts listed in their schedules arose out of their prior ownership and operation of the DK Enterprise Entities and the Atlanta Bread Company restaurants.

9.      Mr. Ditmar testified during the 341 Meeting that he is currently a salaried "W2" employee of two companies, Team One Logistics and Seminole Marine, Inc.  Mr. Ditmar testified that he does not receive income from any source other than his employment at Team One Logistics and Seminole Marine, Inc.

10.      At the 341 Meeting, Mrs. Ditmar testified that she is currently unemployed.

11.      Debtors' sworn testimony at the 341 Meeting is consistent with what is represented in their sworn Schedules.

**II.  ARGUMENT**

12. Interim Rule of Bankruptcy Procedure 1020 requires debtors in voluntary chapter 11 cases to state in their petition whether the debtor is a small business debtor and whether the debtor elects to have subchapter V of chapter 11 apply.  Fed. R. Bankr. P. 1020(a).

13. Interim Rule 1020 further provides that the United States Trustee or a party in interest may file an objection to the debtor's election to proceed under subchapter V no later than 30 days after the conclusion of the section 341(a) meeting of creditors, or within 30 days after any amendment to the election, whichever is later.  Fed. R. Bankr. P. 1020(b).

14. The deadline for the United States Trustee to object to the Debtors' election to proceed under subchapter V is October 29, 2021.

15. Debtors bear the burden of demonstrating that they are eligible to proceed under subchapter V of chapter 11.  *In re Morgan Strawberry Farm*, 98 B.R. 584, 585 (Bankr. M.D. Fla. 1989) (holding that the party filing a petition bears the burden of proving eligibility).

16. When enacted, section 1182(1) of the Small Business Reorganization Act of 2019 ("SBRA"), Pub. L. 116-54, § 5, 133 Stat. 1079, 1087 (effective Feb. 19, 2020), codified primarily at 11 U.S.C. §§ 1181-1195, stated, "[t]he term 'debtor' means a small business debtor."

17. A "small business debtor" is defined in 11 U.S.C. § 101(51D) as,

> a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . [of] not more than $2,725,625 . . . not less than 50 percent of which arose from the commercial or business activities of the debtor.

18. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020), became law and amended section 1182(1)(A) of the Bankruptcy Code to define the term "debtor" as

(A) . . . a person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition . . . in an amount not more than $7,500,000 . . . not less than 50 percent of which arose from the commercial or business activities of the debtor; . . . .

19.   The language added to § 1182(1) by the CARES Act mirrors the definition of "small business debtor" under §101(51D), except that it increases the debt limit to $7,500,000.00.

20.   The definition has two principal requirements – (1) the debtor must be a person "engaged in commercial or business activities" and (2) the debtor must meet the debt limit, of which at least 50% must arise "from the commercial or business activities of the debtor." The first requirement is at issue in this case.

21.   The term "engaged" is an active verb, and is used in the statute in its plain, ordinary connotation, meaning that a debtor must be actively engaged in commercial or business activities at the time of filing. *In re Thurmon*, No. 20-41400, 2020 WL 7249555, at *4 (Bankr. W.D. Mo. Dec. 8, 2020) (holding the plain meaning of "engaged in" means to be actively and currently involved); *see also In re Johnson*, No. 19-42063, 2021 WL 825156, at *6 (Bankr. N.D. Texas Mar. 1, 2021)(" a person 'engaged in' commercial or business activities is a person occupied with or busy in commercial or business activities - not a person who at some point in the past had such involvement"). *But see In re Wright*, No. 20-01035, 2020 WL 2193240, at *3 (Bankr. D.S.C. Apr. 27, 2020) ("Although the brief legislative history of the SBRA indicates it was intended to improve the ability of small businesses to reorganize and ultimately remain in business, nothing therein, or in the language of the definition of a small business debtor, limits application to debtors currently engaged in business or commercial activities.").

22.   In interpreting the definition of debtor under § 1182(1), the Court must construe the statutory definition "so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Hibbs v. Winn*, 542 U.S. 88, 101 (2004) (citations omitted).

Therefore, the term "engaged in commercial or business activities" must have meaning separate and apart from the debt-limit language.

23. Moreover, since § 1182(1) duplicates the definition of "small business debtor" found in § 101(51D), it is relevant to look at how the term "engaged in" is used in other subsections of § 101. It is presumed that "identical words used in different parts of the same statute carry the same meaning." *E.g., Henson v. Santander Consumer USA Inc.*, ___ U.S. ___, 137 S. Ct. 1718, 1723 (2017) (internal quotation and citation omitted); *see also Ibrahim v. C.I.R.,* 788 F.3d 834, 836-37 (8th Cir. 2015).

24. Section 101(18) defines a family farmer as an "individual … *engaged in* a farming operation. . .." (Emphasis added). In interpreting this section, the Eleventh Circuit held that family farmers must be engaged in farming operations at the time they file for Chapter 12 relief. *Watford v. Federal Land Bank of Columbia (In re Watford)*, 898 F.2d 1525, 1527 (11th Cir. 1990); *see also In re Paul*, 83 B.R, 709, 712 (Bankr. D.N.D. 1988) (noting that word is present tense; debtors must be "currently engaged" in a farming operation); *In re Haschke*, 77 B.R. 223, 225 (Bankr. D. Neb. 1987) (same).

25. Similarly, § 101(44) defines "railroad" as a "common carrier by railroad *engaged in* the transportation of individuals or property or owner of trackage facilities leased by such a common carrier." (Emphasis added). In interpreting this section, the Third Circuit held that the word "engaged" was used by Congress in its plain, ordinary meaning as present tense, and noted that "an entity that has abandoned being engaged in transporting goods and people does not on the most natural reading of this language concern a railroad, it concerns a former railroad." *Hileman v. Pittsburgh & Lake Erie Properties, Inc. (In re Pittsburgh & Lake Erie Properties, Inc.)*, 290 F.3d 516, 519-20 (3d Cir. 2002); s*ee also McGray Const. Co. v. Director, OWCP,* 181 F.3d 1008,

1015 (9th Cir. 1999) (holding that "engaged in maritime employment" under the Longshore and Harbor Workers' Compensation Act is present tense).

26. The term "engaged in" is also found in § 101(27A) defining health care business. Courts interpreting this section have construed this definition as present tense and have not required the appointment of a patient-care ombudsmen where the debtor is no longer providing health care services. *See*, e.g., *In re Banes*, 355 B.R. 532, 535 (Bankr. E.D.N.C. 2006) (debtor not health care business because no longer engaged in the practice of dentistry; "engaged in" is present tense).

27. In spite of the plain language of §§ 101(51D) and 1182(1), the well-established principles of statutory construction, and prior cases interpreting the same language in the other provisions of the same statute, a South Carolina bankruptcy court allowed a debtor not currently engaged in commercial or business activities to remain in Subchapter V. *In re Wright*, 2020 WL 2193240 (Bankr. D.S.C. April 27, 2020).

28. The court in *Wright* appears to have based its decision on two rationales.[1] First, that nothing in the legislative history or the definition itself limits application to persons currently engaged in business. *Id.* at *3.[2] However, this rationale ignores the Supreme Court's admonition that that a court should look only to the statute's language when the language is plain. *United States v. Ron Pair Enters, Inc.,* 489 U.S. 235, 241 (1989) (where "statute's language is plain, the sole function of the courts is to enforce it according to its terms.") (internal citation omitted). As

---

[1] The court in *Wright* appears to have been looking at the original, pre-CARES Act language of § 1182(1) although the decision was issued after the enactment the CARES Act. However, since the definitions under § 1182 and § 101(51D) are the same except for the debt limit, this is probably a distinction without difference.

[2] In support of this proposition, the court cites to a passage from the 16th Edition of the treatise *Collier on Bankruptcy* stating that the definition is not restricted to a person "presently engaged" in commercial or business activities. *In re Wright*, 2020 WL *3 (citing 2 Collier on Bankruptcy ¶ 101.51D (16th ed. 2020). Based on a recent review of *Collier on Bankruptcy*, it appears this passage has been deleted. *See* 2 Collier on Bankruptcy ¶ 101.51D (16th ed. 2020).

the Eighth Circuit has emphasized, "[v]ague notions about the statutes' purposes . . . cannot be used to override their actual texts." *Union Pacific Railroad Co. v. United States,* 865 F.3d 1045, 1052 (8th Cir. 2017); *see also Lamie v. United States Trustee*, 540 U.S. 526, 542 (2004) ("If Congress enacted into law something different from what it intended, it should amend the statute to conform it to its intent.").

29.     Second, in an alternative holding, the *Wright* court stated that the debtor was engaged in commercial or business activities by "addressing residual business debt." *In re Wright*, at *3. However, this reading of the statute renders the "engaged in" language of both §§ 1182(1) and 101(51D) superfluous. If Congress intended election of Subchapter V to be available to debtors who only have "residual business debt" it need only have included the second requirement of 1182(1)– the 50% of debt provision.

30.     In short, *Wright* is incorrectly decided.³ It ignores canons of statutory interpretation by effectively reading the phrase "engaged in commercial or business activities" out of the statute. It should not be viewed as persuasive authority on this issue.

31.     The Debtors are not engaged in any active business. The United States Trustee does not oppose Debtors proceeding in Chapter 11, only that they may not proceed under Subchapter V, which was intended for the *reorganization* of small businesses. By the plain definition of small business debtor, they are not eligible for Subchapter V relief.

32.     Because Debtors ceased operation of their businesses prior to filing their chapter 11 bankruptcy case, they are not "engaged in commercial or business activities." As a result, Debtors are ineligible to proceed under Subchapter V of Chapter 11.

---

³Two subsequent cases relied on *Wright* but offered no additional analysis and are similarly unpersuasive. *In re Bonert*, 2020 WL 3635869 (Bankr. C.D. Cal June 3, 2020); *In re Blanchard*, 2020 WL 4032411 (Bankr. E.D. La. July 16, 2020) (dicta).

WHEREFORE, the United States Trustee respectfully requests that the Court strike the Debtors' designation as a Subchapter V small business debtor, allow Debtors to continue under Chapter 11, and grant such other and further relief as it deems just and proper.

>MARY IDA TOWNSON
>UNITED STATES TRUSTEE
>REGION 21
>
>_/s/_
>David S. Weidenbaum
>Georgia Bar No. 745892
>United States Department of Justice
>Office of the United States Trustee
>362 Richard B. Russell Building
>75 Ted Turner Drive, SW
>Atlanta, Georgia 30303
>(202) 329 – 2428
>david.s.weidenbaum@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that I have on October 28, 2021 electronically filed the foregoing *Objection to Debtors' Election to Proceed as a Subchapter V Debtor* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Lisa F. Caplan on behalf of Creditor Select Portfolio Servicing, Inc.
lcaplan@rubinlublin.com, nbrown@rlselaw.com; ruluecf@gmail.com; BKRL@ecf.courtdrive.com

Bret J. Chaness on behalf of Creditor Select Portfolio Servicing, Inc.
bchaness@rubinlublin.com, BJC-ECF-Notifications@rubinlublin.com

Elizabeth Ann Childers on behalf of Creditor JL Enterprises of GA, LLC
echilders@rlklawfirm.com, swenger@rlklawfirm.com; csmith@rlklawfirm.com; yalamin@rlklawfirm.com

Thomas T. McClendon on behalf of Debtor Dean A. Ditmar
tmcclendon@joneswalden.com, jwdistribution@joneswalden.com; ljones@joneswalden.com

Thomas T. McClendon on behalf of Joint Debtor Kelly E. Ditmar
tmcclendon@joneswalden.com, jwdistribution@joneswalden.com;ljones@joneswalden.com

Tamara M. Ogier (Sub V Trustee)
tmo@orratl.com, jc@orratl.com;tmo@trustesolutions.net;ctmo11@trustesolutions.net

William A. Rountree on behalf of Creditor JL Enterprises of GA, LLC
wrountree@rlklawfirm.com, swenger@rlklawfirm.com; yalamin@rlklawfirm.com; 6717577420@filings.docketbird.com; R71213@notify.bestcase.com; csmith@rlklawfirm.com; ablanco@rlklawfirm.com; bwenger@rlklawfirm.com

Samantha L. Tzoberi on behalf of Creditor Ameris Bank
sam@golderlawfirm.com, mcroxton@golderlawfirm.com

I further certify that on this day, I caused a copy of this document to be served via United States First Class Mail, with adequate postage prepaid on the following parties at the address shown for each.

| | |
|---|---|
| Dean A. Ditmar<br>3085 Wills Mill Road<br>Cumming, GA 30041 | Kelly E. Ditmar<br>3085 Wills Mill Road<br>Cumming, GA 30041 |

        MARY IDA TOWNSON
        UNITED STATES TRUSTEE
        REGION 21

        _____/s/_____
        David S. Weidenbaum
        Georgia Bar No. 745892
        United States Department of Justice
        Office of the United States Trustee
        362 Richard B. Russell Building
        75 Ted Turner Drive, SW
        Atlanta, Georgia 30303
        (202) 329 – 2428
        david.s.weidenbaum@usdoj.gov