**UNITED STATES BANKRUPTCY COURT**
**GAINESVILLE DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | **CASE NO: 21-20935-JRS** |
| | ) | |
| **DEAN A. DITMAR AND** | ) | |
| **KELLY E. DITMAR,** | ) | **Chapter 11** |
| | ) | **Subchapter V** |
| Debtors. | ) | |
| _____ | ) | |

**CREDITOR JL ENTERPRISES OF GA, LLC'S MOTION FOR**
**RULE 2004 EXAMINATION OF DEBTORS DEAN A. DITMAR AND KELLY E.**
<u>**DITMAR AND DOCUMENT PRODUCTION**</u>

Creditor JL Enterprises of GA, LLC ("**Movant**"), by and through its undersigned counsel, and pursuant to Federal Rule of Bankruptcy Procedure 2004(a), requests that the Court enter an Order directing an examination of and compelling the production of documents by Dean A. Ditmar and Kelly E. Ditmar ("**Debtors**"). The documents requested are attached hereto as <u>**Exhibit "A"**</u> and incorporated herein by reference. In support of said request, Movant shows the Court as follows.

<u>**JURISDICTION**</u>

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

<u>**BACKGROUND**</u>

3.      On May 15, 2017, in connection with an asset purchase, Dean Ditmar executed a promissory note on behalf of his former company, DK Enterprises, to the Movant in the original principal amount of $871,612.52 (the "**Note**") and simultaneously executed a personal guaranty of the promissory note (the "**Guaranty**").

4.      The Movant has filed a Proof of Claim in the amount of $648,233.13

5.     The Debtors have filed a chapter 11 plan in which they propose to pay Movant a total of $5,793.53, or less than 1% of Movant's claim amount.

6.     The Movant desires to take discovery of the Debtors to obtain information necessary to determine the assets of the Debtors, the income potential of the Debtors, and whether the plan was proposed in good faith.

<u>REQUESTED RELIEF AND CITATION TO AUTHORITY</u>

7.     The Movant requests authority under Bankruptcy Rule 2004 to (a) conduct an oral examination of the Debtors; and (b) serve requests for production of documents on the Debtors (*See* Exhibit "A" attached hereto).

8.     Bankruptcy Rule 2004(a) provides, in pertinent part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a).  Rule 2004(b) states that the examination may relate to, among other things, "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b).

9.     The scope of a Rule 2004 examination is "unfettered and broad," as the wording of the rule indicates. <u>In re Brazemore</u>, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998). The scope of a Rule 2004 examination is far broader than the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure. See, e.g., <u>In re Lang</u>, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989).  The well-settled scope of discovery conducted under Rule 2004 is so fundamental to the bankruptcy process and permissibly broad that courts have gone so far as to use with approval words and phrases such as "fishing expedition," "exploratory and groping," and "inquisition." <u>See</u>, <u>e.g.</u>, <u>In re 2435 Plainfield Ave., Inc.</u>, 223 B.R. 440, 456 (Bankr. D. N.J. 1998); <u>In re Drexel Burnham</u>

<u>Lambert Group</u>, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991); <u>In re Johns-Manville Corp.</u>, 42 B.R. 362, 364 (S.D.N.Y. 1984).

10.     The Movant desires to examine the Debtors with respect to their assets, liabilities, income, the Note, the Guaranty, and all other matters that are appropriate under Rule 2004. The Movant further desires to examine the Debtors

11.     concerning matters which may affect the administration of this Bankruptcy Estate and distributions to creditors. The Movant also requests the Court enter an order compelling the Debtors to produce the documents listed in **Exhibit "A"**. All of the foregoing is hereinafter referred to as the "**Requested Information**."

12.     The Movant believes the Debtors have, or should have, further knowledge concerning the Requested Information.

13.     A proposed order is attached hereto as **Exhibit "B"**.

**CONCLUSION**

WHEREFORE, the Movant respectfully requests that the Court enter an order

(a)     that the Debtors appear and provide testimony for a Rule 2004 examination of the Debtors;

(b)     that the Debtors produce the requested documents in **Exhibit "A"** to the Movant; and

(c)     granting such other and further relief as the Court deems just and necessary.

[*Signature on the following page*]

Dated: December 21, 2021                    Respectfully submitted,

                                            ROUNTREE LEITMAN & KLEIN, LLC


                                            */s/ Elizabeth A. Childers*
                                            William A. Rountree, Ga. Bar No. 616503
                                            Elizabeth A. Childers, Ga. Bar No. 143546
                                            Caitlyn Powers, Ga. Bar No. 856354
                                            Century Plaza I
                                            2987 Clairmont Road, Suite 350
                                            Atlanta, Georgia 30329
                                            (404) 584-1238 Telephone
                                            wrountree@rlklawfirm.com
                                            echilders@rlklawfirm.com
                                            cpowers@rlklawfirm.com
                                            *Attorneys for JL Enterprises of GA, LLC*

## Exhibit "B"
### [Document Requests]

As used in this document request, the word "**document**" means any handwritten, typewritten, printed, recorded, transcribed, punch, tape, photocopy, Photostat, telex, film, microfilm, computer generated, electronically recorded, or on computer disk, or otherwise prepared, produced or reproduced item, which is in or has been in the possession of the deponent or in its possession, custody or control, or of which the deponent has notice, knowledge or information, including, but not limited to all papers, letters, correspondence, stenographic or handwritten notes, memoranda, reports, bulletins, printed forms, tests, contracts, agreements, application rosters, licenses, memoranda, reports, bulletins, printed forms, tests, contracts, agreements, applications, rosters, licenses, memoranda or minutes of meeting or conversations (personal or telephonic), books, records, notices, computer tapes, computer disks, records (including, but not limited to computer cards, computer printouts and computer records on tape or otherwise stored in a computer memory bank, whether or not presently tangible, but which can be made tangible), summaries, studies, surveys, calculations, analyses, instructions, schedules, exhibits, confirmations of understandings reduced to writings, and other times in which information can be obtained or translated or transcribed, if necessary, and all other writings and papers of every description whatsoever.

As used herein, the term " **Bankruptcy Case**" shall refer to Case No. 21-20935-JRS; United States Bankruptcy Court, Northern District of Georgia, Gainesville Division currently pending in front of the Honorable James R. Sacca.

As used herein, the term "**Debtors**" or "**you**" shall refer without limitation to Dean A. Ditmar and Kelly E. Ditmar, Debtors in the Bankruptcy Case, and Debtors' representatives, predecessors, successors, parents, subsidiaries, affiliates, divisions, executors, administrators,

successors-in-interest, assigns, agents, attorneys, employees, officers, directors, consultants, members, partners, and anyone else currently or formerly acting or purporting to act on their behalf for any purpose whatsoever, whether pre-petition or post-petition.

As used herein, the term "**Person**" means natural person or business entity including, but not limited to, profit and not-for-profit corporations, limited liability companies, partnerships, joint ventures, sole proprietorships, cooperatives and associations.

As used herein, the term "**Petition Date**" means the date the petition for relief under chapter 11 of the Bankruptcy Code was filed in the Bankruptcy Case, or August 31, 2021.

### DOCUMENTS TO BE PRODUCED

1.    Any and all documents relating to any insurance policies maintained by either of the Debtors on any real or personal property owned by either of the Debtors, including, but not limited to, the homeowners' policy with jewelry rider.

2.    The most recent appraisals of any real or personal property owned by either of the Debtors.

3.    Any and all documents which evidence, show, refer to, or support all property, real and personal, owned by the Debtors and located in the United States of America, and any foreign country or offshore territory of the United States of America for the period beginning May 15, 2017 through the Petition Date.

4.    Any and all records, documents, memoranda and correspondence relating to evidence of property, and/or interest in property, of every kind and character whatsoever owned by any of the Debtors, individually or with any other person or entity, including but not limited to, any reversionary interests, deeds, stock certificates, bonds, notes, mutual fund shares, corporate agreements, partnership agreements, profit sharing and pension plan statements, savings account passbooks, savings certificates and money market accounts for the period commencing May 15, 2017, to the present.

5.    A list of all contents of any and all safe deposit boxes maintained by any of the Debtors individually or jointly, with any other person or entity, for the period of May 15, 2017 to the present, and exact location of such boxes.

6.    Any and all records, documents, memoranda and correspondence which relate to any assets owned, controlled or possessed by either of the Debtors for the period commencing May 15, 2017, to the present.

7.      Any and all records, documents, memoranda, correspondence, stock certificates, bond certificates, mutual fund certificates and any other evidence of ownership of any interest in any corporation, fund, or trust fund naming either of the Debtors, individually or jointly with any other person or entity, for the period commencing May 15, 2017, to the present.

8.      Any and all life insurance policies, certificates on the life of any person, and all statements or other documents reflecting cash and surrender values, and the balance of any and all loans paid in connection therewith, where either of the Debtors is named as a policyholder beneficiary or loss payee for the period commencing May 15, 2017, to the present.

9.      Any and all statements, documents, analyses, invoices, bills or summaries given to either of the Debtors by any stockbroker or association of stockbrokers, from whom Debtors have bought stock or to whom any of the Debtors have sold stock, or with whom Debtors have an account, for the period commencing May 15, 2017, to the present.

10.      Any and all summary plan descriptions, plans, statements, accounts or other documents related to any individual retirement accounts or other investment plans in which either of the Debtors has any interest.

11.      Any and all warranty deeds, quitclaim deeds, real estate transfers and deeds to secure debt which name either of the Debtors as grantee or grantor, individually and/or jointly with any other person or entity, relating to any property in which any of the Debtors have, or had, any interest or equity for the period commencing May 15, 2017, to the present.

12.      All documents relating or pertaining to the purchase of any real or personal property by either of the Debtors from May 15, 2017 to the present.

13.      Any and all documents relating to any transfers made by either of the Debtors within the five (5) year period preceding the petition date.

14.      All documents relating to any gifts or payments by any of the Debtors and/or the Debtor Entities to any person or entity during the period of May 15, 2017 to the present.

15.      Any and all records, documents, memoranda and correspondence relating to or evidencing the sale of a truck to the Debtors' son, including any documentation of the value of the truck at the time of the sale.

16.      All documents relating or pertaining to the sale and/or transfer in any manner of any real or personal property by either of the Debtors during the period of May 15, 2017 to the present.

17.      All federal and state income tax returns of either of Debtors for the period of 2017 to the present and all documents related thereto including, but not limited to, corresponding audits,

letters or requests, liens or claims, bills or invoices for unpaid taxes, payments of any taxes owed, refunds, etc.

18.    Any and all documents that in any way reflect either of the Debtors' financial affairs or represent or indicate the conveyance of any assets that either of the Debtors may have made since May 15, 2017 until the present, including, but not limited to, personal financial statements or any financial information provided to any lender in connection with obtaining any loan.

19.    Any and all documents, including but not limited to, monthly bank statements, cancelled checks and deposit slips, for all deposit accounts including, without limitation, checking, brokerage, and savings accounts with any banks, savings and loans, credit unions, money markets, brokerage firms or other financial institutions maintained by either of the Debtors, either individually and/or jointly with any other person or entity, or in which either of the Debtors had any interest or held any funds on behalf of himself or herself, or any other entity in which either of the Debtors had an interest directly or indirectly, for the period commencing May 15, 2017, to the present.

20.    Any and all records, documents, memoranda and correspondence relating to any financial statements or net worth statements submitted by either of the Debtors to any bank, lending institution, leasing company or any other entity for the period commencing May 15, 2017, to the present.

21.    All documents related to either of the Debtors' monthly or yearly income from any source for the period of May 15, 2017 to the present, including, but not limited to, Bank Account Statements, Tax Returns, accounts receivable, etc.

22.    Any and all records, documents, memoranda and correspondence from either Debtors' employer evidencing any discussion or agreements with respect to any and all current or future compensation, including, but not limited to, offer letters and employment contracts.

23.    All documents which evidence, show, refer to, or support an accounting of all monthly expenses of the Debtors for the period beginning May 15, 2017, through the Petition Date, inclusive of all loan payments, utilities, tax, phone, rent and/or mortgage payments, insurance, and all records evidencing the foregoing.

24.    All financial statements, loan applications, income statements, balance sheets, accounts receivable, operating statements and any other similar records or documents reflecting on the financial condition of the Debtors prepared for or on behalf of any person or entity from May 15, 2017, through the Petition Date.

25.    All credit card statements reflecting all transactions and daily balances of either of the Debtors for the period beginning May 15, 2017, through the Petition Date.

26.     All correspondence between either of the Debtors, or any entities now or previously owned by either of the Debtors, or anyone on Your behalf and JL Enterprises of GA, LLC or anyone on its behalf from May 15, 2017 through the date of your response.

27.     All correspondence from either of the Debtors, or any entities now or previously owned by either of the Debtors, or anyone on Your behalf to any person or entity regarding JL Enterprises of GA, LLC or any issue or fact relating to JL Enterprises of GA, LLC's claim from May 15, 2017 through the date of your response.

28.     All agreements and all documents memorializing any and all agreements between either of the Debtors, or any entities now or previously owned by either of the Debtors, and JL Enterprises of GA, LLC.

29.     All documents relating to any of the information set forth in the Debtors' Schedules, Statement of Financial Affairs, Plan, testified to by the Debtors at the 11 U.S.C. § 341 meeting of creditors or otherwise submitted or relied on by Debtors in this Bankruptcy Case.

30.     All documents showing that creditors would not receive more in a Chapter 7 proceeding than through the Debtors' remaining in a Chapter 11 case.

**Exhibit "B"**
**[Proposed Order]**

**UNITED STATES BANKRUPTCY COURT**
**GAINESVILLE DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO: 21-20935-JRS** |
| | ) | |
| **DEAN A. DITMAR AND** | ) | |
| **KELLY E. DITMAR,** | ) | **Chapter 11** |
| | ) | **Subchapter V** |
| **Debtors.** | ) | |
| _____ | ) | |

**ORDER GRANTING CREDITOR JL ENTERPRISES OF GEORGIA, INC.'S**
**MOTION FOR RULE 2004 EXAMINATION OF DEBTORS**
**DEAN A. DITMAR AND KELLY E. DITMAR AND DOCUMENT PRODUCTION**

This matter having come before the Court on the Motion for Federal Bankruptcy Rule 2004

Examination of the Debtor Dean A. and Kelly E. Ditmar ("**Debtors**") and Document Production

[Doc. No. __] (the "**Motion**"), in the above-styled case; the Court having read and considered the

Motion; and for good cause shown; it is hereby

**ORDERED,** that such Motion is granted to require, pursuant to Fed. R. Bankr. P. 2004(b), the Debtors to appear for a 2004 examination at some time and date as mutually agreed upon by the Debtors and creditor JL Enterprises of GA, Inc., and to produce the documents requested in Exhibit "A" to the Motion, before January 13, 2021. If the parties cannot agree on a mutual time, place and scope for the production of documents and examination authorized by this Order, such production and examination may be compelled pursuant to Fed. R. Bankr. P. 2004(c) and 9016, subject to the protections afforded to a party subject to a subpoena under Fed. R. Civ. P. 45(d).

[END OF DOCUMENT]

Order Prepared and Presented By:

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Elizabeth Childers*
William A. Rountree, Ga. Bar No. 616503
Elizabeth A. Childers, Ga. Bar No. 143546
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1244 Telephone
wrountree@rlklawfirm.com
echilders@rlklawfirm.com
cpowers@rlklawfirm.com
*Attorneys for JL Enterprises of GA, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following parties with a copy of the foregoing via electronic mail and/or by the court using the CM/ECF system, which will send an electronic e-mail notification to the parties as indicated below:

- **Lisa F. Caplan**    lcaplan@rubinlublin.com, nbrown@rlselaw.com;ruluecf@gmail.com;BKRL@ecf.courtdrive.com
- **Bret J. Chaness**    bchaness@rubinlublin.com, BJC-ECF-Notifications@rubinlublin.com
- **Brooke Heinz Chaplain**    bchaplain@law.ga.gov
- **Elizabeth Ann Childers**    echilders@rlklawfirm.com, swenger@rlklawfirm.com;csmith@rlklawfirm.com;yalamin@rlklawfirm.com
- **Leon S. Jones**    ljones@joneswalden.com, jwdistribution@joneswalden.com;cparker@joneswalden.com;cmccord@joneswalden.com;lpineyro@joneswalden.com;arich@joneswalden.com;ewooden@joneswalden.com
- **Thomas T. McClendon**    tmcclendon@joneswalden.com, jwdistribution@joneswalden.com;ljones@joneswalden.com
- **Tamara M. Ogier (Sub V Trustee)**    tmo@orratl.com, jc@orratl.com;tmo@trustesolutions.net;ctmo11@trustesolutions.net
- **William A. Rountree**    wrountree@rlklawfirm.com, swenger@rlklawfirm.com;yalamin@rlklawfirm.com;6717577420@filings.docketbird.com;R71213@notify.bestcase.com;csmith@rlklawfirm.com;ablanco@rlklawfirm.com;bwenger@rlklawfirm.com
- **Samantha L. Tzoberi**    sam@golderlawfirm.com, mcroxton@golderlawfirm.com
- **David S. Weidenbaum**    david.s.weidenbaum@usdoj.gov

Dated: December 21, 2021              ROUNTREE LEITMAN & KLEIN, LLC

                                     */s/ Elizabeth A. Childers*
                                     William A. Rountree, Ga. Bar No. 616503
                                     Elizabeth A. Childers, Ga. Bar No. 143546
                                     Caitlyn Powers, Ga. Bar No. 856354
                                     Century Plaza I
                                     2987 Clairmont Road, Suite 350
                                     Atlanta, Georgia 30329
                                     (404) 584-1238 Telephone
                                     wrountree@rlklawfirm.com
                                     echilders@rlklawfirm.com
                                     cpowers@rlklawfirm.com
                                     *Attorneys for JL Enterprises of GA, LLC*